# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRBY A. DUVIGNEAUD,<br><br>                               Plaintiff,<br>  vs.<br><br>SILVIA GARCIA, Warden, et al.,<br><br>                             Defendants. | CASE NO. 04cv580 BTM (WMc)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO RETAX COSTS** |

Before the court is a motion by the Plaintiff, Kirby A. Duvigneaud, to retax costs assessed by the Clerk. Plaintiff argues that because the Court previously granted him *in forma pauperis* ("IFP") status, waiving prepayment of the filing fee, he should also be held unaccountable for costs. Plaintiff further argues that he is indigent and therefore lacks the means to pay.

I.    <u>Waiver of Costs Due to Plaintiff's Indigency and IFP Status</u>

As a matter of course, the prevailing party in civil litigation is entitled to costs. Fed. R. Civ. P. 54(d)(1). Plaintiff's IFP status does not exempt him from paying costs. 28 U.S.C. § 1915(f)(2)(A) provides that "[i]f [a] judgement against a prisoner includes the payment of costs . . . the prisoner shall be required to pay in full the amount of the costs ordered."[1] The

---

[1] Plaintiff, in his reply to Defendants' opposition to the retax of costs, has cited to a California Rule of Court which provides that, "[w]itness fees of peace officers whose attendance is reasonably necessary for prosecution or defense of [a] case" may be waived

payment of costs is to be made in the same manner as payment for the court's filing fee, namely in monthly installments equaling "20 percent of the preceding month's income credited to the prisoner's account," so long as the balance before the monthly deduction is greater than $10. See 28 U.S.C. § 1915(b)(2), (f)(2)(B).

When the Court granted IFP status to the Plaintiff and waived the requirement to prepay filing fees, it also directed that "the entire $150 balance of the filing fees" should be collected from the Plaintiff pursuant to the provisions in 28 U.S.C. § 1915(b). Thus, Plaintiff's IFP status provides for the payment of fees and costs in installments. It does not, however, excuse him completely from the obligation to pay fees or costs. Cf. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993) (specifying that expenses for witnesses are not waived by IFP status).

The award of costs under Rule 54 is a matter within the court's discretion. Badillo v. Central Steel & Wire Co., 717 F.2d 1160, 1165 (7th Cir. 1983). A plaintiff's indigency does not require that the court waive costs. Weaver v. Toombs, 948 F.2d 1004, 1008 (6th Cir. 1991); In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 463-64 (3d Cir. 2000). "[A] party may be exempted from costs if he is in fact indigent, if he has adduced evidence that he is indigent, and if the district court sees fit to reduce the costs award imposed for reasons of equity." Paoli, 221 F.3d at 464.

Questions of determining indigency aside, the court must consider whether reasons of equity require that costs be waived. In McGill v. Faulkner, 18 F.3d 456 (7th Cir. 1994), the court explained that plaintiffs, indigent or not, should be forced to weigh whether the filing of their claim is worth the potential costs. To allow plaintiffs to file cases without the risk of bearing the costs of an unsuccessful action would create an inequity in favor of filing plaintiffs and an inefficiency in the courts. "Just as non-indigent litigants must consider the relative merits of their lawsuit against the pain an unsuccessful suit might inflict on their pocketbook,

---

upon application to proceed IFP. See Cal. R. of Ct. 985(j)(3) (reorganized effective Jan. 1, 2007 and now found at Cal. R. of Ct. 3.62). However, the California Rules of Court apply to the courts of the State of California, and have no applicability to this suit, which was brought in federal court under 42 U.S.C. § 1983.

so must prisoners . . . learn to exercise discretion and judgment in their litigious activity and accept the consequences of their costly lawsuits." <u>Id.</u> at 460.  Having considered the equities involved in this case, the Court finds no reason to disturb the standard rule providing for the award of costs because of Plaintiff's indigency.

Plaintiff has also argued that he should be excused from the payment of costs because he would be left with "no means to provide for himself," nor the "basic necessities for hygienes and postage materials."  (Pl.'s Motion at 1.)  However, the Court finds that the monthly installment collection procedure provided for in 28 U.S.C. § 1915(b)(2), and described above, will ensure that Plaintiff is not completely stripped of the means to meet his basic needs.

II. <u>Review of Costs Taxed by Clerk</u>

Plaintiff, in his motion to retax costs, has not specifically challenged the accuracy of the costs which were taxed by the Clerk.  However, the Court, *sua sponte*, has reviewed the costs taxed and makes the following corrections.

The Clerk previously approved witness attendance and subsistence fees for Defendants Luis Luccy and Galo Mejia-Reyes for 5 days.  However, in accordance with Civil Local Rule 54.1(b)(4)(b), witness fees for parties are only allowable for the days on which they attended in the capacity of witnesses for the opposing party.  Attendance in the sole capacity as defendants is not compensable.

Reviewing the trial witness list [Doc. #87], the Court finds that Defendants Luccy and Mejia-Reyes both were called as witnesses by the Plaintiff on the third day of trial, Thursday, October 5, 2006.  Plaintiff has not shown that he specifically requested that Defendants appear on this day alone and, therefore, the Court assumes that their presence was compelled by Plaintiff from the start of trial on Tuesday, October 3 through their testimony on October 5.  <u>See</u> CivLR 54.1(b)(4)(a)(1) ("[Witness] fees are taxable even though the witness does not take the stand, provided the witness necessarily attends the court.").  Thus, Defendants are entitled to attendance fees for these 3 days.  In addition, the Court finds that

Defendants are entitled to an attendance fee for traveling on Monday, October 2, as their attendance was required at a 9:00am trial on Tuesday and they both had to travel over 100 miles to reach the courthouse.  The Court finds that, due to the expected and unexpected vagaries of travel commonly encountered in southern California, a witness should not be required to travel such distances on the morning of his required attendance.  See 28 U.S.C. § 1821(b) ("A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance . . . .").  Defendants are therefore each entitled to witness attendance fees for 4 days.

As for the subsistence fees related to these days of attendance, the Court will allow subsistence fees for only 3 days, Monday through Wednesday.  28 U.S.C. § 1821(d)(1) provides: "A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day."[2]  The Court finds that Defendants Luccy and Mejia-Reyes were required to stay overnight on the night before trial and the first two nights of the trial, while waiting to be called by Plaintiff.  However, once their testimony was complete on the afternoon of Thursday, October 5, any additional overnight stays were not compelled by their duties as witnesses for the Plaintiff.

Accordingly, the Court finds that attendance fees for both Mr. Luccy and Mr. Mejia-Reyes should be reduced from $200.00 to $160.00 each.  Subsistence fees for both are reduced from $745.00 to $447.00 each.  With these adjustments, the total costs are reduced by $676.00.

---

[2] Civil Local Rule 54.1(b)(4)(a)(5) would appear to disallow any subsistence fee for these witnesses because their residences are not so far distant from the court that mileage fees would be greater than subsistence fees, if the witnesses were to return to their residence from day to day. (See Def.'s Bill of Costs [Doc. #86-2]; compare roundtrip mileage costs of $126.38 for Luis Luccy and $96.57 for Galo Mejia-Reyes with $149.00 daily subsistence fee.)  However, application of this rule appears inconsistent with the general mandate of 28 U.S.C. § 1821(d)(1), which allows for subsistence fees whenever a witness' place of residence is "so far removed . . . as to prohibit return thereto from day to day."  The Court finds that these witnesses' residences, which would require roundtrip travel of over 200 miles every day, are far enough from the court to prohibit return thereto from day to day.  As a local rule cannot be inconsistent with federal law, see Fed. R. Civ. P. 83(a)(1), the Court has not applied the requirements of Civil Local Rule 54.1(b)(4)(a)(5) in this instance.

III.     Conclusion

In consideration of the foregoing, and with the understanding that costs are to be assessed from Plaintiff's prison trust account in accordance with the dictates of 28 U.S.C. § 1915, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to retax costs. The total costs taxed in favor of Defendants shall be modified to $3,967.31.

**IT IS SO ORDERED.**

DATED: July 5, 2007

_____
Hon. Barry Ted Moskowitz
United States District Judge